```
 1  Jeffrey C. Briggs (No. 100369)
    Briggs Law Office
 2  6464 Sunset Blvd.
    Suite 715
 3  Hollywood, CA  90028
    Phone:  (323) 461-5400
 4  Fax:    (323) 908-7275
    Email:  jbriggs@jbriggslaw.com
 5
    Attorneys for Plaintiff
 6  Skate One Corp.
```

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SKATE ONE CORP., a California corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>JUST BONES BOARDWEAR LIMITED LIABILITY COMPANY, a New Jersey limited liability company,<br><br>              Defendant. | Civil Action No.<br><br>**COMPLAINT FOR INJUNCTION AND OTHER EQUITABLE RELIEF AND DAMAGES FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1);**<br><br>**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a);**<br><br>**(3) TRADEMARK DILUTION UNDER FEDERAL AND CALIFORNIA LAW;**<br><br>*DEMAND FOR JURY TRIAL* |

1

For its Complaint, Plaintiff Skate One Corp. ("Skate One") alleges as follows:

### NATURE OF THE CASE

1. This is a civil action for trademark infringement, false designation of origin, unfair competition, and trademark dilution, arising under the Trademark Act of 1946, as amended, and the common and statutory law of the State of California. Skate One brings this action because defendant Just Bones Boardwear Limited Liability Company ("Defendant") is using in interstate commerce a trade name, trademark, and an Internet domain name confusingly similar to Skate One's licensed trademarks, all to Skate One's damage and irreparable detriment.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1332, 1338 and 1367(a).

3. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(b) and (c).

### THE PARTIES

4. Plaintiff, Skate One Corp. ("Skate One" or "Plaintiff") is a California corporation with its principal place of business located at 30 S. La Patera Lane, Santa Barbara, CA 93117.

1    5. Upon information and belief, Defendant Just Bones
2 Boardwear Limited Liability Company ("Just Bones" or
3 "Defendant") is a New Jersey limited liability company with
4 its principal place of business at 17 Clive Hills Road, Short
5 Hills, NJ 07078 .

## FACTS COMMON TO ALL COUNTS

*Plaintiff and Its Marks*

6. Skate One produces and sells, inter alia, clothing and skateboards.

7. Skate One has customers and conducts business throughout California, the United States, and the world.

8. Skate One is the exclusive licensee of, and since prior to the acts of Defendant alleged herein, has continuously sold goods under, various "BONES" trademarks registered with the United States Patent and Trademark Office for a variety of goods and services, including the following (collectively "Skate One's BONES Marks")(and see exhibit A hereto):

| MARK | CLASS | GOODS/SERVICES | REG. NO. | REG. DATE |
|---|---|---|---|---|
| **BONES** | 025 | Clothing, namely, hats, shirts, jackets, sweat shirts and belts | 3061458 | 2/28/2006 |
| **BONES** | 028 | Wheels for sporting articles - namely, wheels for skateboards. | 1091899 | 05/23/1978 |
| **BONES** (stylized) | 028 | Sporting goods, namely skate boards and parts therefor; and | 1501450 | 08/23/1988 |

3

| Mark | Class | Goods/Services | Reg. No. | Reg. Date |
|---|---|---|---|---|
| | | wheels for roller skates. | | |
| BONES | 025 | Promotional clothing, namely sweatshirts and t-shirts. | 1559066 | 10/03/1989 |
| BONES BRIGADE | 200 | Indicating membership in an organization of skateboarding enthusiasts. | 1695119 | 06/16/1992 |
| BONES BRIGADE | 041 | Entertainment services; namely, conducting professional skateboarding team competitions and exhibitions. | 1705475 | 08/04/1992 |
| BONES & Design | 025 | Baseball caps; Caps; Hats; Headgear, namely, baseball caps, beanies, and caps; Headwear; Shirts; Shirts and short-sleeved shirts; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Sweat shirts; T-shirts; Tops; Wearable garments and clothing, namely, shirts | 3810792 | 6/29/2010 |

9. Each of Skate One's BONES Marks is valid and subsisting, and the registrations are conclusive evidence of its licensor George A. Powell's right, and Skate One's right as the his exclusive licensee, to exclusively use such BONES Marks on the goods and services identified in the registrations.

4

1   10.  Certain of Skate One's BONES Marks are incontestable under 15 U.S.C. §1065.

2   11.  Skate One's BONES Marks are arbitrary and strong.

3   12.  Skate One's use of the Mark "BONES" commenced at least as early as June 1977. Skate One's use of its BONES Marks predates any conduct by Defendants as alleged herein.

4   13.  Because Skate One has licensed and used the BONES marks and related marks from George A. Powell continuously in connection with apparel and related accessories in Class 25, long before the acts of Defendant alleged herein, Skate One is entitled to protection of its rights in the subject Marks from infringement by any same or similar marks used by another in respect of skateboards, clothing, and similar and related products.

5   14.  Skate One's clothing and skateboards are available to customers nationally and worldwide through retail stores in the United States, through mail order, through assorted distributors of Skate One, and through Skate One's Internet website at the domain name "www.SkateOne.com." Skate One has established relationships with national distribution companies and with other persons in the clothing and skateboard industry, including clothing and skateboard agents, clothing and skateboard distributors, and clothing and skateboard retailers. Skate One belongs to numerous national clothing and skateboard organizations, has been featured numerous times in clothing and skateboards industry publications, and

regularly sends representatives to clothing and skateboard events and conferences throughout the country. Skate One also has a substantial direct retail sales business for clothing and skateboards.

15. The Skate One BONES Marks are prominently displayed in association with Skate One's clothing and skateboards in all channels of trade utilized by Skate One and its distributors.

16. Skate One's clothing and skateboards, and the BONES Marks themselves, are widely known and enjoy an excellent reputation among consumers and in the clothing and skateboard industry.

17. Skate One's BONES Marks are well known and are distinctive, or in the alternative have acquired such goodwill and secondary meaning that they identify and distinguish Skate One's clothing and skateboards as emanating exclusively from a single source.

18. Through widespread and favorable public acceptance and recognition, Skate One's BONES Marks have become assets of substantial goodwill value as a symbol of Skate One and its products, and of their quality.

***Defendant's Conduct***

19. Upon information and belief, Defendant operates a clothing website under the trade name "JUST BONES BOARDWEAR" and uses this name and assorted variations thereof, including

6

1  "JUST BONES" alone (collectively the "JUST BONES Mark"), as a
2  trademark for its clothing goods.
3      20.  Defendant has applied for federal registration of
4  JUST BONES BOARDWEAR as a trademark for certain clothing
5  goods, which is the subject of USPTO Application Ser. No.
6  85145920.
7      21.  Defendant uses the JUST BONES Mark on clothing and
8  on marketing materials in which the stylized word JUST BONES
9  appear in bold letters above the word BOARDWEAR with a
10 skateboard logo in the middle.  In such usage, the words "JUST
11 BONES" appear most prominently, and "BOARDWEAR" is merely a
12 descriptive term for Defendant's clothing.  A true copy of a
13 page from Defendant's website showing uses of the JUST BONES
14 Mark in connection with the sale of clothing is attached as
15 Exhibit B.
16     22.  Defendant also has promoted its business through
17 advertising, social media campaigns, and news articles about
18 the company and its owner.  On the JustBonesBoardWear.com web
19 site, Defendant posted an article about the owner's success as
20 an entrepreneur in which the owner of Defendant is shown with
21 her two sons holding boardshorts in front of a rack of
22 skateboards.  A true copy of this news article is attached as
23 Exhibit C.
24     23.  Defendant undertook all of these activities without
25 Skate One's consent.
26
27

7

24. Skate One has not granted a license, permission, or in any other way approved of Defendant's use of the JUST BONES Mark in connection with its business.

25. Upon information and belief, Defendant intentionally displays the mark JUST BONES in large letters and separate from the word Boardwear, and also uses the words "JUST BONES" alone, in an attempt to emphasize and increase the visibility of the words JUST BONES alone as an identifier for its goods.

26. Defendant maintains and operates an interactive website at the URL http://www.JustBonesBoardWear.com. Consumers and potential consumers in California can view Defendant's boardwear and t-shirt clothing from this website. Defendant markets its goods from this website with the intention of reaching a nationwide audience and soliciting purchasers of clothing, including purchasers in California. Upon information and belief, Defendant controls and/or directs the operation and maintenance of this website. A copy of the home page from Defendant's web pages is attached as Exhibit D.

27. Through this interactive website, Defendant indicates that it is capable of and is actually transacting business in this District both directly and through its retailers in this District.

28. Upon information and belief, at the time Defendant commenced the uses of its JUST BONES Mark described above, Defendant had actual knowledge of Skate One and Skate One's use of its BONES Marks.

8

29. Defendant's use of the JUST BONES Mark in its assorted variations and as part of an Internet domain name is likely to cause confusion, mistake, or deception in that, *inter alia*, consumers are likely to believe that Defendant's goods are authorized, sponsored, affiliated with, endorsed, or otherwise approved by Skate One.

30. Defendant has promoted and continues to promote its business in such a way as to create a false association between Defendant and Skate One despite demand from Skate One that it cease doing so.

31. Upon information and belief, Defendant has performed the acts complained of herein willfully and with knowledge of the consumer confusion that they would cause, and with intent to cause, confusion, mistake, or deception, and to appropriate and unfairly trade upon Skate One's goodwill in Skate One's BONES Marks.

### *Injury to Plaintiff*

32. Defendant's use of the JUST BONES Mark has caused and continues to cause damage to Skate One and its BONES Marks and to the reputation and hard-earned goodwill associated therewith.

33. By its actions, Defendant has caused and continues to cause irreparable harm to the distinctive qualities of Skate One's "BONES" marks.

1  34. Skate One has been and continues to be injured by Defendant's unlawful acts within the State of California and within this judicial district.

### FIRST CLAIM FOR RELIEF:

### FEDERAL TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1114(1)

35. Skate One repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. The aforesaid acts of Defendant constitute infringement of Skate One's BONES Marks in violation of section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1), in that the acts constitute use by Defendant in commerce of a copy or colorable imitation of Skate One's registered marks in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

37. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake, or deception.

38. By reason of the acts of Defendant alleged herein, Skate One has suffered, is suffering, and will continue to suffer irreparable damage, and unless Defendant is restrained from continuing its wrongful acts, the damage to Skate One will increase.

**SECOND CLAIM FOR RELIEF:**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

**15 U.S.C. § 1125(a)**

39. Skate One repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

40. The aforesaid acts of Defendant are likely to cause confusion, mistake or deception among purchasers and potential purchasers of products bearing the JUST BONES Mark as to the source or origin of the goods provided by Defendant by reason of the fact that purchasers are likely to believe that Defendant's clothing and skateboards goods originate from, or are in some way connected with, approved by, sponsored by, or endorsed by, Skate One.

41. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendant, which constitute false designation of origin and unfair competition in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

42. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception. By reason of the acts of Defendant alleged herein, Skate One has suffered, is suffering, and will continue to suffer irreparable damage, and unless Defendant is restrained from continuing these wrongful acts, the damage to Skate One will increase.

## THIRD CLAIM FOR RELIEF:

## TRADEMARK DILUTION UNDER FEDERAL AND CALIFORNIA LAW

43. Skate One repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

44. Defendant's commercial use in interstate commerce of BONES is likely to and does dilute the distinctive quality of Skate One's nationally and locally famous BONES Marks and will diminish and destroy the public association of said marks with Skate One, all in violation of 15 U.S.C §1125(c) and Cal. Bus. & Prof. Code § 14330.

45. By reason of the acts of Defendant alleged herein, Skate One has suffered, is suffering, and will continue to suffer irreparable damage, and unless Defendant is restrained from continuing its wrongful acts, the damage will increase.

**WHEREFORE, Plaintiff demands:**

1. That Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them, and their Internet service providers with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be enjoined and restrained from:

(a) using in any manner the JUST BONES Mark, or any other marks likely to cause confusion with Skate One's BONES Marks, in, as or as part of a trademark, trade name,

1 corporate name, service mark, Internet domain name or other
2 use intended to identify the source of Defendant's goods or
3 services;
4   (b) Otherwise engaging in any other acts or conduct
5 which would cause consumers to believe erroneously that
6 Defendant's goods or services are somehow sponsored by,
7 authorized by, licensed by, originate from, or in any other
8 way are associated with Skate One;
9  2. That Defendant be ordered to file with the United
10 States Patent and Trademark Office, Commissioner for
11 Trademarks, an express abandonment of its federal trademark
12 application for "JUST BONES BOARDWEAR & Design;"
13  3. That Defendant file with the Court and serve upon
14 Skate One's counsel within thirty (30) days after entry of
15 judgment a report in writing under oath setting forth in
16 detail the manner and form in which Defendant has complied
17 with the requirements of the Injunction and Order;
18  4. That Defendant pay to Skate One all damages
19 sustained by Skate One, the amount of which cannot be
20 calculated at this time but which is believed to be in excess
21 of $75,000, and that such amounts be trebled, as provided by
22 law;
23  5. That Defendant be required to account for and pay
24 over to Skate One all profits realized by Defendant by reason
25 of its unlawful acts alleged herein, and that such amounts be
26 trebled, as provided by law;

1     6. That Defendant be required to pay Skate One
2 punitive damages as may be permitted by law;
3     7. That Skate One have such other and further relief
4 as the Court may deem appropriate to prevent the public from
5 deriving the erroneous impression that any goods or services
6 provided by or promoted by Defendant are authorized by Skate
7 One or related in any way to Skate One, its products or
8 services; and
9     8. That Skate One recover its costs and reasonable
10 attorney fees.

Dated: August 29, 2014         BRIGGS LAW OFFICE

By: _____
    Jeffrey C. Briggs

**DEMAND FOR JURY TRIAL**

    Plaintiff demands a trial by jury on all issues so triable.

Dated: August 29, 2014         BRIGGS LAW OFFICE

By:
_____/s/_____
    Jeffrey C. Briggs

14